IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3048 |
| vs. | MEMORANDUM AND ORDER |
| KYLE DANIEL, | |
| Defendant. | |

    This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 11) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

    The Court notes, however, that the Magistrate Judge's findings and recommendation recite that the defendant was examined in open court "[a]fter being sworn." Filing 11 at 1. But the transcript of the guilty plea proceedings (filing 15) does not reflect that the defendant was sworn. Nor was the defendant advised, as contemplated by Fed. R. Crim. P. 11(b)(1)(A), that the government could use any statement the defendant made under oath against him in a prosecution for perjury or false statement.

    The Court does not view these omissions as fatal, however. The plain language of Rule 11(b)(1) provides that before the court accepts a plea, "the defendant *may* be placed under oath, and the court *must* address the defendant personally in open court" and "must" inform the defendant of his rights. (Emphasis supplied.) The court "must" also address the defendant personally

in open court and determine the voluntariness of the plea, and "must" determine that there is a factual basis for the plea. Rule 11(b).

In short, the plain language of Rule 11 distinguishes very clearly between what is optional and what is required. It is no doubt better practice to place the defendant under oath if he is to be questioned regarding his understanding of his rights, the voluntariness of his plea, and the factual basis for the plea—but it is not absolutely required. See *United States v. Kriz,* 621 F.2d 306, 310 n.10 (8th Cir. 1980); see also Rule 11 advisory committee's notes, 1974 Amendments subdivision 2(f) and 1982 Amendments subdivision (c)(5). Nor would it be a meaningful defect that the Magistrate Judge failed to warn the defendant that statements under oath might be used against him, given that the defendant was not under oath. See *Kriz,* 621 F.2d at 310-11.

The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. See *Peretz v. United States,* 501 U.S. 923 (1991). Nonetheless, the Court has performed a de novo review of the record, and is satisfied that the defendant was not prejudiced by any omission on the part of the Magistrate Judge; that the defendant's plea was knowing, intelligent, and voluntary; that there is a factual basis for the plea; and that the provisions of Rule 11 have been substantially complied with. See *Kriz,* 621 F.2d at 311.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on Guilty Plea (filing 11) are adopted.

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.

3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3). Unless otherwise stated at the time of sentencing, any plea agreement will be deemed accepted upon the pronouncement of the judgment and sentence.

4. This case shall proceed to sentencing.

Dated this 24th day of June, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge